UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON N. HERNANDEZ,

       Petitioner,

                                    CASE NO. 14-12206
v.                                    HONORABLE VICTORIA A. ROBERTS

LINDA TRIBLEY,

       Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND (Dkt. #6)

       Petitioner Aaron N. Hernandez is a state prisoner at Central Michigan Correctional Facility in St. Louis, Michigan. On June 4, 2014, Petitioner filed a *pro se* habeas corpus petition challenging his 2008 Wayne County convictions for assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, and first-degree home invasion, Mich. Comp. Laws § 750.110a(2). Petitioner alleges in his habeas petition that (1) his pre-sentence information report contains inaccurate information, (2) his trial attorney was ineffective at sentencing, (3) he is entitled to an additional sixteen days of jail credit, (4) his state sentencing guidelines were improperly scored, and (5) the trial court sentenced him to pay an excessive amount of restitution.

       Currently before the Court is Petitioner's motion for release on bond pending a decision on his habeas petition. Petitioner alleges that he has already served his entire minimum sentence of six years. He also alleges that he owns his own home, that he expects to be employed by International Quality Control upon release, and that he has family support and strong ties to the community. Respondent Linda Tribley opposes Petitioner's motion on grounds that Petitioner's circumstances are not extraordinary and

his habeas claims are not cognizable on habeas review or do not warrant habeas relief because the state court found the claims to be meritless or procedurally defaulted.

To prevail on his motion, Petitioner must demonstrate that, "in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Motions for bail will be denied in most habeas proceedings, as there will be few occasions when a petitioner will meet the *Aronson* standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

A preliminary assessment of Petitioner's habeas claims indicates that most, if not all, the claims are insubstantial. The sentencing claims, for example, allege non-cognizable state law claims. Thus, Petitioner "has a hard row to hoe." *Lee*, 989 F.2d at 871. Even if the Court "were to conclude that his petition raises a substantial question of law, '[m]erely to find that there is a substantial question is far from enough.' " *Id*. (quoting *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)). Petitioner must also show that there is some exceptional circumstance that makes his application deserving of special treatment in the interests of justice. He fails to meet this standard. The Court therefore **DENIES** Petitioner's motion for release on bond (Dkt. #6).

                                                                                   S/Victoria A. Roberts
                                                                                    Victoria A. Roberts
                                                                                    United States District Judge

Dated: December 3, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 3, 2014.

S/Carol A. Pinegar
Deputy Clerk

3