UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AARON HERNANDEZ,

        Petitioner,

                                       CASE NO. 14-12206

v.                                  HONORABLE VICTORIA A. ROBERTS

LINDA TRIBLEY,

        Respondent.

_____/

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO AMEND (ECF NO. 15),
## GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## AND DISMISSAL OF THE PETITION (ECF NO. 12),
## DENYING A CERTIFICATE OF APPEALABILITY, AND
## GRANTING *IN FORMA PAUPERIS* STATUS ON APPEAL

Petitioner Aaron Hernandez, a state prisoner at Central Michigan Correctional

Facility in St. Louis, Michigan, filed a *pro se* habeas corpus petition in 2014.

Respondent Linda Tribley moved for summary judgment and dismissal of the petition on

the ground that the petition is time-barred.  Petitioner filed a reply and a motion to

amend his petition to clarify his initial claims.  The Court grants Petitioner's motion to

amend the petition, but because the petition is time-barred and meritless, the Court will

grant Respondent's motion for summary judgment and dismissal of the petition.

### I.  Background

Petitioner initially was charged in Wayne County, Michigan with criminal sexual

conduct in the first degree, assault with intent to commit sexual penetration, home

invasion in the first degree, assault with intent to commit great bodily harm less than

murder, stalking, and a telecommunications offense.  On July 18, 2008, Petitioner

pleaded guilty in Wayne County Circuit Court to first-degree home invasion, second

offense, Mich. Comp. Laws § 750.110a(2), assault with intent to commit great bodily

harm less than murder, Mich. Comp. Laws § 750.84, and misdemeanor stalking, Mich.

Comp. Laws § 750.411h.  In return, the prosecutor dismissed the counts charging

Petitioner with first-degree criminal sexual conduct, assault with intent to commit sexual

penetration, and the telecommunications offense.  The prosecutor reduced the stalking

charge to a misdemeanor, and the parties agreed to a sentence of six to twenty years

for the home invasion.

On August 6, 2008, the trial court sentenced Petitioner to concurrent terms of six

to twenty years for the home invasion and one to ten years for the assault, with 145

days of jail credit.  The court sentenced Petitioner to thirty days probation for the

stalking conviction and ordered restitution in the amount of $3,950.00.

In a delayed application for leave to appeal, Petitioner argued through counsel

that (1) his guilty plea was not intelligent, voluntary, and knowing, (2) it was error to

score offense variables 12 and 13 of the state sentencing guidelines, and (3) trial

counsel was ineffective for failing to object to the scoring of the guidelines and for failing

to preserve an objection to the assessment of restitution.  The Michigan Court of

Appeals denied leave to appeal "for lack of merit in the grounds presented."  *See*

*People v. Hernandez*, No. 293425 (Mich. Ct. App. Nov. 16, 2009).[1]

On February 12, 2010, Petitioner filed a *pro se* habeas corpus petition in this

Court.  The Court dismissed the petition without prejudice for failure to exhaust state

---

[1]  Presiding Judge Cynthia Diane Stephens voted to grant Petitioner's delayed
application for leave to appeal.

remedies.  *See Hernandez v. McQuiggin*, No. 2:10-cv-10640 (E.D.  Mich. Feb. 25, 2010).

Meanwhile, Petitioner appealed to the Michigan Supreme Court, raising the same three issues that he presented to the Michigan Court of Appeals.  He also raised a new claim about offense variable 19 of the sentencing guidelines.  On June 28, 2010, the supreme court denied leave to appeal because it was not persuaded to review the issues.  *People v. Hernandez*, 486 Mich. 1042; 783 N.W.2d 336 (2010).  Petitioner moved for reconsideration, but, on September 9, 2010, Court declined to reconsider its prior decision.  *See People v. Hernandez*, 488 Mich. 859; 787 N.W.2d 484 (2010).

Petitioner did not file a petition for writ of certiorari in the United States Supreme Court; on December 8, 2010, the deadline for doing so expired.  Over ten months later - on October 14, 2011 - Petitioner filed a motion for relief from judgment.  He argued through counsel that:  (1) his presentence information report contained false and inaccurate information; (2) he received ineffective assistance of counsel at sentencing; (3) he was entitled to an additional sixteen days of jail credit; (4) he was improperly assessed ten points for offense variable 12 and offense variable 13 of the sentencing guidelines, and he was improperly assessed points under offense variables 10 and 19; and (5) the amount of restitution that he was ordered to pay was unproven and excessive.  The trial court denied Petitioner's motion in a reasoned opinion, and the Michigan Court of Appeals denied leave to appeal  the trial court's decision because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Hernandez*, No. 310978 (Mich. Ct. App. Dec. 14, 2012).  On October 23, 2013, the Michigan Supreme Court denied leave to appeal for the same reason.  *See*

*People v. Hernandez*, 495 Mich. 875; 838 N.W.2d 147 (2013).  On May 28, 2014,

Petitioner filed his habeas corpus petition,[2] and on February 26, 2015, he filed his

motion to amend the petition, along with an amended petition for the writ of habeas

corpus.

## II.  The Statute of Limitations

### A.  28 U.S.C. § 2244(d)

Respondent argues in her motion for summary judgment and dismissal of the

petition that Petitioner's claims are barred from review by the one-year statute of

limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

established a one-year period of limitation for state prisoners to file a federal petition for

writ of habeas corpus.  *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. §

2244(d)(1)).  The period of limitations runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;

---

[2]  Although the Clerk of the Court filed the petition on June 4, 2014, "a *habeas*  petition
is considered filed when the prisoner provides the petition to prison officials for filing."
*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (citing *Cook
v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273
(1988)).

> Cases expand the understanding of this handing-over rule with an
> assumption that, absent contrary evidence, a prisoner does so on the date
> he or she signed the complaint.  *See, e.g., Goins v. Saunders*, 206 Fed.
> Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam) ("[W]e treat the petition as
> filed on the date [the prisoner] signed it."); *Bomar v. Bass*, 76 Fed. Appx.
> 62, 63 (6th Cir. 2003) (order); *Towns v. United States*, 190 F.3d 468, 469
> (6th Cir. 1999) (order).

*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  The Court therefore deems
Petitioner's application for the writ of habeas corpus filed on May 28, 2014, the date on
which Petitioner signed his petition and placed the petition in the prison mail system.
*See* Pet. for Writ of Habeas Corpus, page 14.

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not shown that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" concludes for purposes of subsection 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

5

*Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).  A petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court no later than ninety days after entry of the state court's judgment.  Sup. Ct. R. 13.1.

## B.  Application

Petitioner did not seek review in the United States Supreme Court on direct review of his convictions.  Therefore, his convictions became final on December 8, 2010, ninety days after the Michigan Supreme Court denied reconsideration on direct review.  The one-year statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran 309 days until October 14, 2011, when Petitioner filed his motion for relief from judgment in the state trial court.

The limitations period was tolled from October 14, 2011, until October 23, 2013, when the Michigan Supreme Court denied leave to appeal the trial court's denial of Petitioner's motion for relief from judgment.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *see also Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (stating that an application for state collateral review "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.' ").

On October 24, 2013, the limitations period resumed running, and Petitioner had 56 days, or until December 18, 2013, to file his habeas petition.  Because Petitioner waited until May 28, 2014, to file his petition, the petition is untimely.

## C.  Equitable Tolling

Petitioner concedes that his habeas petition is untimely, but urges the Court to equitably toll the limitations period.  "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' "  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)).  The habeas statute of limitations "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Nevertheless, to have a limitations period equitably tolled, the petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

### 1.  The Post-Conviction Attorney's Advice

Petitioner argues that the advice given to him by his attorney on state collateral review is the reason for his untimely habeas petition.  Sometimes, professional misconduct can "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."  *Holland*, 560 U.S. at 651.  And, in this case, Petitioner's post-conviction attorney provided misleading advice to Petitioner after

the state courts concluded their review of Petitioner's motion for relief from judgment. The attorney stated in a letter to Petitioner dated October 25, 2013, that one of Petitioner's options at that point was to file a petition for writ of habeas corpus in federal district court.  The attorney then stated that a habeas petition must be filed within one year after the deadline expires to file a petition for writ of certiorari in the United States Supreme Court.  *See* Petitioner's Reply to Respondent's Motion for Summary Judgment, Ex. A.

The attorney's comment about the deadline for filing a habeas corpus petition in federal court was misleading; it failed to acknowledge that the limitations period in Petitioner's case had already run approximately ten months:  from the time that Petitioner's convictions became final on direct review (December 8, 2010) until Petitioner filed his motion for relief from judgment on October 14, 2011.  The attorney also failed to advise Petitioner that the limitations period is not tolled under 28 U.S.C. § 2244(d)(2) for the time during which a petition for writ of certiorari in the Supreme Court can be filed following state collateral review.  *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007) (concluding that the limitations period is not tolled during the pendency of a petition for writ of certiorari following state post-conviction review); *cf. Gonzalez*, 132 S.Ct. at 653-54 (explaining that, for prisoners who do not pursue direct review all the way to the Supreme Court, a prisoner's judgment becomes final on *direct* review "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires").

Despite the misleading advice offered by Petitioner's post-conviction attorney, the Supreme Court has said that "miscalculation [of the limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where

8

prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336-37 (citing *Coleman v. Thompson*, 501 U.S. 722, 756-77 (1991)); *accord Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) (stating that "attorney error is an inadequate justification for equitable tolling in this circuit"); *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) (stating that a lawyer's mistake generally is not a valid basis for equitable tolling); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (stating that "an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"); *see also Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (declining to disturb the general rule that, "when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause" for a procedural default, and contrasting that situation with a situation where an attorney abandons his client without notice).  Improper advice from an attorney and the receipt of incorrect information from an attorney about the filing deadline for a habeas petition simply do not qualify a petitioner for equitable tolling.  *Whalen*, 37 F. App'x at 119-20.

Although the Supreme Court reversed the judgment of conviction in *Holland*, the problem there was not only "simple negligence" (failing to file a habeas petition on time and being unaware of the date on which the limitations period expired), but also the attorney's failure to:  file the habeas petition on time despite the petitioner's many letters emphasizing the importance of doing so; perform the research necessary to determine the proper filing date despite the petitioner's letters identifying the applicable legal rules; inform the petitioner in a timely manner that the state supreme court had decided his

case; and communicate with the petitioner over a period of years.  *Holland,* 560 U.S. at 562.

These failures are not present here.  Petitioner's post-conviction attorney communicated with Petitioner and promptly informed him that the Michigan Supreme Court had decided his case.  The attorney also offered to represent Petitioner in federal court if Petitioner made the appropriate arrangements.  Petitioner apparently did not take advantage of the offer, and there is no indication in the pleadings that Petitioner emphasized the importance of filing a timely habeas petition or that he identified the applicable rules, as he has done in this case.

The Court finds that this case is one of simple negligence and attorney error. The misleading advice provided by Petitioner's post-conviction attorney did not amount to egregious behavior.  Nor did the misleading advice create an extraordinary circumstance entitling Petitioner to equitable tolling of the limitations period.

### 2.  Actual Innocence

Petitioner urges the Court to equitably toll the limitations period for an additional reason, namely, that he is actually innocent of the sentence he received.

In this Circuit the actual-innocence exception applies only "if a petitioner is either (i) factually innocent of the crime for which he was convicted, or (ii) innocent of a death sentence in a capital case."  *Lee v. Brunsman*, 474 F. App'x 439, 441 (6th Cir. 2012). Neither circumstance applies here.  This is not a capital case, and Petitioner's guilty plea demonstrated that he is not factually innocent of the crimes for which he is imprisoned.  Therefore, the Court declines to equitably toll the limitations period on the basis of Petitioner's contention that he is innocent of the penalty.  And, because the

limitations period ran more than one year, the Court grants Respondent's motion for summary judgment and dismissal of the petition.

### III.  On the Merits

The Court finds for the reasons given below that Petitioner is not entitled to habeas relief even if his petition were timely.  Petitioner's substantive grounds for relief, as stated in his amended petition, allege that:  (1) Petitioner's plea was not intelligent, voluntary and understanding; (2) Petitioner was improperly assessed ten points under offense variable 12 and offense variable 13 of the state sentencing guidelines; (3) Petitioner's trial attorney provided ineffective assistance by failing to object to the scoring of the guidelines and by failing to preserve an objection to the amount of restitution; (4) Petitioner's presentence information report contains false and inaccurate information, and trial counsel failed to either inform Petitioner of information in the report or give him an opportunity to review the report before sentencing; and (5) trial counsel was ineffective for failing to object to the amount of jail credit awarded to Petitioner and for failing to advise Petitioner of the recommended amount of jail credit.

Petitioner is entitled to habeas relief on these claims only if the state court decisions on his claims

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that

> reached by [the Supreme] Court on a question of law or if the state court
> decides a case differently than [the Supreme] Court has on a set of
> materially indistinguishable facts.  Under the "unreasonable application"
> clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the
> Supreme] Court's decisions but unreasonably applies that principle to the
> facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for

Part II).  "[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must

also be unreasonable."  *Id.* at 411.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court

rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court

decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24

(2002) (*per curiam*)."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86,101 (2011) (quoting *Yarborough v. Alvarado*, 541

U.S. 652, 664 (2004)).  To obtain a writ of habeas corpus from a federal court, a state

prisoner must show that the state court's ruling on his or her claim "was so lacking in

justification that there was an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement."  *Id.* at 103.

## A.  The Guilty Plea

Petitioner alleges that his guilty plea was not intelligent, voluntary, and

understanding because he not informed of the sentencing guidelines for his crimes

during the plea and sentencing proceedings.  Petitioner raised this issue on direct appeal, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented to the court.

### 1.  Clearly Established Federal Law

"A guilty or no-contest plea involves a waiver of many substantial constitutional rights. . . ." *Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)).  Consequently, "a court may accept a guilty or no-contest plea only where it is a 'voluntary[,] . . . knowing, intelligent act [] done with sufficient awareness of the relevant circumstances and likely consequences.' " *Id.* at 636-37 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

For a plea to be valid, the defendant must appreciate the consequences of his waiver of constitutional rights, waive his rights without coercion, and understand the rights that he is surrendering by pleading guilty.  *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (citing *Brady*, 397 U.S. at 748-50, and *Fautenberry*, 515 F.3d at 636-37).  "While a defendant need not know all the possible consequences of his plea, . . . he must be aware of the maximum sentence to which he is exposed." *Id.* at 408. Courts must consider all the relevant circumstances when determining whether a plea was voluntary.  *Brady*, 397 U.S. at 749.

### 2.  Application

The plea and sentence agreement were stated on the record at Petitioner's plea proceeding.  Petitioner informed the trial court that he understood the charges to which he was pleading guilty.  He also stated that he understood the court could sentence him up to thirty years in prison as a habitual offender for the home invasion, up to ten years

in prison for the assault charge, and up to one year for the stalking charge. (Plea Tr., 2-5, July 18, 2008.) Additionally, Petitioner assured the trial court that he understood the rights he was waiving by pleading guilty, and he stated that no one had promised him anything, threatened him, or coerced him into pleading guilty. He provided a factual basis for his plea, and he said that he was pleading guilty of his own free will. (*Id.* at 6-11.) In light of Petitioner's "solemn declarations," which "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), the Court concludes that Petitioner's guilty plea was voluntary, knowing, and intelligent.

While it is true that the sentencing guidelines range was not mentioned at Petitioner's plea, "[t]here is no constitutional requirement that a defendant be informed by the court during the plea colloquy of his estimated guidelines sentencing range." *United States v. Ufie*, 5 F. App'x 357, 359 (6th Cir. 2001). And because Petitioner was informed of the maximum sentences for his crimes, the Court declines to grant relief on Petitioner's first claim.

## B. Offense Variables 12 and 13 of the Sentencing Guidelines

The second habeas claim alleges that the trial court improperly assessed ten points for offense variable 12 and ten points for offense variable 13. "Offense variable 12 is contemporaneous felonious criminal acts," Mich. Comp. Laws § 777.42(1), and "[o]ffense variable 13 is continuing pattern of criminal behavior." Mich. Comp. Laws § 777.43(1). Petitioner asserts that the conduct used to score the two offense variables was identical and, therefore, he should not have been given ten points for both offense variables. He argues that assessing ten points for both variables amounted to impermissible double counting and resulted in an artificially high offense variable total of

14

61 points. Petitioner raised this issue on direct appeal, where his claim was rejected for lack of merit, and on state collateral review, where the state trial court determined that Petitioner was precluded from raising the claim.

This Court finds no merit in Petitioner's claim, because the state court's interpretation and application of state sentencing laws and guidelines is a matter of state concern only, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Consequently, the contention that the trial court incorrectly calculated the state sentencing guidelines is not cognizable on federal habeas corpus review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Although Petitioner contends that the scoring of ten points for both variables resulted in a sentence based on inaccurate information, he admits that the correct scoring of the variables 12 and 13 would not change the overall sentencing guidelines range. *See* Brief in Support of Amended Pet. for Writ of Habeas Corpus, page 13. Therefore, even assuming that the state court erroneously scored ten points for offense variable 12 and offense variable 13, the error was harmless. *See Williams v. United States,* 503 U.S. 193, 203 (1992) (stating an error in scoring sentencing guidelines is harmless if the error did not affect the sentence imposed); *see also People v. Johnson*, 202 Mich. App. 281, 290; 508 N.W.2d 509, 513 (1993) (stating that an error in calculating the guidelines range would be harmless where a reduction in the score would not alter the total offense variable score so as to change the level where the

defendant was ultimately placed).  Habeas relief is not warranted on Petitioner's second claim.

### C.  Trial Counsel

Petitioner's third and fifth claims allege ineffective assistance of trial counsel. In his third claim, Petitioner alleges that his trial attorney failed to object to the scoring of the sentencing guidelines and failed to preserve an objection to the assessment of restitution.  This claim was raised and rejected on direct appeal and on state collateral review.

In his fifth claim, Petitioner alleges that trial counsel was ineffective for failing to object to the amount of jail credit Petitioner received and for failing to advise Petitioner of the recommended amount of credit.  Petitioner raised this claim in his motion for relief from judgment and the subsequent appeal.  The trial court rejected the claim on the ground that, even assuming Petitioner was entitled to additional jail credit, he was precluded from raising the claim by his failure to raise the issue on direct appeal or in a prior post-conviction motion.

### 1.  Clearly Established Federal Law

To prevail on his claim, Petitioner must show that his attorney's "performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*,  466 U.S. 668, 687 (1984).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  *Id.*

The "deficient performance" prong of the *Strickland* test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

To demonstrate that counsel's performance prejudiced the defense, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,'" but "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 111-12 (quoting *Strickland*, 466 U.S. at 693).

### 2. The Sentencing Guidelines

Petitioner alleges that his trial attorney should have objected to the scoring of offense variables 12 and 13 of the sentencing guidelines on the ground that assessing ten points for both variables constituted double counting. Petitioner states that the assessment of ten points for both variables resulted in an artificially high offense variable score of 61. He concedes, however, that a correct score of 51 would not have altered the sentencing guidelines range. The Court therefore finds that, even if trial counsel's failure to object to the scoring of the offense variables amounted to deficient performance, Petitioner was not prejudiced by the alleged deficiency. Petitioner has not proved both prongs of the *Strickland* test and therefore is not entitled to habeas relief on the basis of his claim about trial counsel's failure to object to the sentencing guidelines.

### 3. The Restitution

17

Petitioner alleges next that his attorney failed to preserve an objection to the amount of restitution that Petitioner was required to pay.  Ordinarily, "fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim."  *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013), *cert. denied sub nom Washington v. Woods*, 134 S. Ct. 916 (2014).  But Petitioner couches his claim in constitutional terms by alleging ineffective assistance of counsel.

Petitioner was ordered to pay $3,960.00 in restitution.  This amount included $2,500.00 for the victim's lost wages.  According to Petitioner, the victim testified at a Friend-of-the-Court hearing on December 3, 2007, that she earned only $20.00 per day.  Petitioner estimates that, at $20.00 per day, the victim lost only $250.00 in wages, not $200.00 per day (for a total of $2,500.00), as she claimed when she was interviewed by the probation department before Petitioner's sentencing.

The presentence information report, however, states that the victim lost three and a half weeks of employment as a waitress due to Petitioner's assault on her.  *See* Respondent's motion for summary judgment, Appendix B.  It is at least plausible that the victim lost $2,500.00 in lost wages, including tips, during that time period.  The trial court, moreover, stated in its order denying Petitioner's motion for relief from judgment that the amount of restitution did not fall outside the range of principled outcomes, nor impose manifest hardship on Petitioner or his family.  And Petitioner's trial attorney indicated at sentencing that Petitioner would be employable upon his release from prison.

Given the facts, defense counsel's failure to object to the amount of restitution did not constitute deficient performance, and, even if it did, there is not a substantial probability that an objection would have been successful.  The Court therefore declines to grant relief on Petitioner's claim that his attorney failed to contest the amount of restitution.

### 4.  Jail Credit

Petitioner alleges in his fifth claim that his trial attorney was ineffective for failing to object to the amount of jail credit he received.  The trial court awarded Petitioner 145 days of credit for time spent in jail before sentencing.  Petitioner claims that he is entitled to an additional 16 days of jail credit for the time he spent in jail upon his arrest in Florida and before his extradition to Michigan.  The state trial court addressed this claim in its order denying Petitioner's motion for relief from judgment and concluded that Petitioner was precluded from raising his claim because he could have raised the issue on direct appeal or in a prior post-conviction motion.

As with state sentencing guidelines, a state court's alleged misinterpretation of crediting statutes and the computation of a petitioner's prison term are matters of state law that are not cognizable on habeas review.  *Howard*, 76 F. App'x at 53; *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003).  Furthermore, the Court finds for the following reasons that Petitioner's ineffective-assistance-of-counsel claim is procedurally defaulted.

The doctrine of procedural default prohibits a federal court from reviewing the merits of a habeas petitioner's claims, including constitutional claims, if a state court

declined to hear the claims because the prisoner failed to abide by a state procedural

rule. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). In this Circuit,

> "[a] habeas petitioner's claim will be deemed procedurally defaulted if
> each of the following four factors is met: (1) the petitioner failed to comply
> with a state procedural rule; (2) the state courts enforced the rule; (3) the
> state procedural rule is an adequate and independent state ground for
> denying review of a federal constitutional claim; and (4) the petitioner has
> not shown cause and prejudice excusing the default." [*Jalowiec v.
> Bradshaw*, 657 F.3d 293, 302 (6th Cir. 2011)]. To determine whether a
> state procedural rule was applied to bar a habeas claim, [courts] look "to
> the last reasoned state court decision disposing of the claim." *Guilmette v.
> Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

*Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013).

> The state procedural rule in question here is Michigan Court Rule
> 6.508(D)(3), which prohibits a state court from granting relief if a motion
> for relief from judgment
>      alleges grounds for relief, other than jurisdictional defects, which
> could have been raised on appeal from the conviction and sentence or in
> a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior
> motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for
> relief . . . .

Mich. Ct. R. 6.508(D)(3).

Petitioner violated this rule by first raising his claim about jail credit and his

attorney's failure to object to the amount of jail credit in his motion for relief from

judgment rather than on direct appeal from his convictions. The last state court to

review Petitioner's claim in a reasoned opinion was the trial court, which enforced Rule

6.508(D)(3) by citing the rule and by stating that Petitioner was precluded from raising

his claim because he could have raised the claim on direct appeal or in a prior post-

conviction motion. The procedural bar in Rule 6.508(D) is an adequate and

independent state ground on which Michigan courts may rely in foreclosing review of federal claims. *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). Consequently, the first three factors of procedural default are satisfied.

The fourth and final factor is whether Petitioner has shown "cause" for his failure to raise his claim on direct appeal and prejudice from the alleged irregularities that support his claim. Petitioner acknowledges that his claim is subject to the "cause and prejudice" requirement, *see* Brief in Support of Amended Pet. for Writ of Habeas Corpus at 28, but he has not alleged "cause" for his failure to raise his claim on direct appeal.

In the absence of "cause and prejudice," Petitioner can prevail on his claim only if he "demonstrate[s] that the failure to consider [his claim] will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To be credible, however, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . ." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner pleaded guilty to the charges for which he is incarcerated, and he has not produced any new evidence suggesting that he is actually innocent of the charges. Therefore, a miscarriage of justice will not result from the Court's failure to address the substantive merits of his claim about jail credit and trial counsel's failure to object to the amount of jail credit. The claim is procedurally defaulted.

## D. The Pre-sentence Information Report and Trial Counsel

The fourth habeas claim alleges that Petitioner's pre-sentence information report contains false and inaccurate information that caused the Michigan Department of

Corrections to erroneously classify Petitioner as a sex offender.  The allegedly

inaccurate information in the report is the probation officer's description of the offense,

which included a reference to the criminal sexual conduct charges that were dismissed

as part of the plea and sentencing agreement.  Petitioner claims that the information

should not have been included in the report because the charges were dismissed

without any admission or finding of guilt.

Petitioner also claims that the report contains irrelevant, unauthenticated, and

inaccurate information about threatening and harassing text messages that he sent to

the victim of his crimes.  Petitioner further alleges that his trial attorney not only failed to

give him an opportunity to review the report before sentencing, but failed to advise him

of the contents of the report.  As a result, Petitioner contends that was deprived of an

opportunity to challenge the false and inaccurate information, and the Michigan Parole

Board is likely will scrutinize the allegations of criminal sexual conduct when deciding

whether to release him on parole or make him serve more time in prison.

Petitioner raised his fourth claim in his motion for relief from judgment and the

subsequent appeal.  The trial court rejected the claim, stating that Petitioner failed to

challenge the contents of his pre-sentence information report at the appropriate time

and that his claim about defense counsel was undermined by his argument that counsel

advised him that any information in the report about criminal sexual conduct would be

removed.

## 1.  The Report

This Court finds no merit in Petitioner's claim about his pre-sentence information

report, because "the mere presence of hearsay or inaccurate information in a

22

[presentence report] does not constitute a denial of due process." *Hili v. Sciarrotta*, 140

F.3d 210, 216 (2nd Cir. 1998).  The contention that a presentence report contains

inaccurate information raises

> [a] state law issue[], and "federal habeas corpus relief does not lie for
> errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092,
> 111 L.Ed.2d 606 (1990).  "In conducting habeas review, a federal court is
> limited to deciding whether a conviction violated the Constitution, laws, or
> treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112
> S.Ct. 475, 116 L.Ed.2d 385 (1991).

*Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009).  For this reason, the

Court rejects petitioner's claim about the pre-sentence information report.

### 2.  Trial Counsel

Petitioner alleges that his trial attorney failed to inform him of the contents of the

pre-sentence information report and failed to give him an opportunity to review the

report.  To prevail on this claim, Petitioner must show that his attorney's performance

was deficient and that the deficient performance prejudiced the defense.  *Strickland*,

466 U.S. at  687.  The Court finds for the following reasons that Petitioner failed to meet

this standard.

Petitioner disputes information in his presentence report that he committed

criminal sexual conduct and sent the victim threatening and harassing text messages.

Although the criminal sexual conduct and telecommunications charges ultimately were

dismissed, Petitioner admitted at the plea proceeding that he harassed the victim and

made threatening telephone calls to her even though there was a personal protection

order against him and even though he knew he was not supposed to call the victim.

(Plea Tr., 10-11, July 18, 2008.)  The victim, moreover, testified at the preliminary

examination that, on December 4, 2007, Petitioner made numerous calls and threats to

her, came to her home, kicked in her door, hit her on the face and head with his fists, ripped off her clothes, and shoved his finger in her vagina.  (Prelim. Examination Tr., 8-9, Mar. 26, 2008.)

In light of the victim's testimony and Petitioner's admissions at his plea, it does not appear that the disputed information in the pre-sentence information report was false or inaccurate.  Furthermore, the trial court apparently did not rely on the information when sentencing Petitioner, and Petitioner has not demonstrated that the Michigan Parole Board actually used the disputed information to keep him in prison.

The Court concludes that defense counsel's alleged failure to inform Petitioner of information in the pre-sentence information report and alleged failure to show the report to Petitioner did not amount to deficient performance and did not prejudice Petitioner. The Court, therefore, declines to grant relief on Petitioner's claim about trial counsel's alleged omissions regarding the pre-sentence report.

## IV.  Conclusion and Order

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to clearly established federal law, unreasonable applications of clearly established federal law, or unreasonable applications of the facts.  The state court decisions also were not so lacking in justification that there was an error beyond any possibility for fairminded disagreement.  The Court denies the amended petition for writ of habeas corpus (ECF No. 16) on the merits.

The initial and amended petitions also are untimely.  The Court grants Respondent's motion for summary judgment and dismissal of the petition (ECF No. 12). Finally, the Court grants Petitioner's motion to amend (ECF No. 15).

24

**V. Certificate of Appealability and *In Forma Pauperis* Status on Appeal**

Petitioner may not appeal this Court's decision unless a district or circuit judge issues a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1), and a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore declines to issue a certificate of appealability.  Petitioner nevertheless may proceed *in forma pauperis* on appeal if he chooses to appeal this decision because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 7/30/2015